# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>                             Petitioner,<br>v.<br>MONTGOMERY, Warden,<br>                            Respondent. | Case No.: 19cv1355 GPC (BGS)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

/ / /

/ / /

# FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner contends his federal constitutional rights are being violated by prison officials because he is not being given proper medical and psychiatric care. (Pet., ECF No. 1 at 18-21, 27-68.) Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id*. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id*. at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis. The Clerk of the Court will file the Petition for Writ of Habeas Corpus without prepayment of the filing fee. Further, the Court **DISMISSES** this case without prejudice for failure to state a cognizable claim on habeas corpus. If Petitioner wishes to challenge the validity of his state court conviction, he must, **no later than September 30, 2019**, file a First Amended Petition that states a cognizable habeas corpus claim. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a new case number. *The Clerk of Court is directed to mail Petitioner a blank prisoner forms packet containing a blank First Amended Petition pursuant to 28 U.S.C. § 2254 and a blank civil rights complaint pursuant to 42 U.S.C. § 1983 form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: July 26, 2019

Hon. Gonzalo P. Curiel
United States District Judge