# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, <br><br>　　　　　　　　Petitioner, <br><br>v. <br><br>MONTGOMERY, Warden, <br><br>　　　　　　　　Respondent. | Case No.: 19cv1355 GPC (BGS) <br><br> **ORDER DENYING MOTION FOR STAY AND ABEYANCE OF PETITIONER'S CLAIMS** <br><br> **[Dkt. No. 5.]** |

On July 19, 2019, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. (Dkt. Nos. 1, 2.) On July 26, 2019, the Court granted Petitioner's motion to proceed in forma pauperis and dismissed the case with leave to amend. (Dkt. No. 3.) In its Order, the Court noted that Plaintiff's claims, alleging improper medical and psychiatric care, cannot be brought under a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because he does not challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). Petitioner contends

his federal constitutional rights are being violated by prison officials because he is not being given proper medical and psychiatric care. (Dkt. No. 1, Pet. at 18-21, 27-68.) The instant motion to stay claims pending exhaustion relates to exhausting his administrative remedies concerning his medical care issues. Based on the initial filing and motion to stay, Petitioner is challenging the conditions of his confinement and his claims must be brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. A § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). In its prior order, the Court dismissed the case for failing to state a cognizable claim on habeas corpus and directed that if Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a new case number. Petitioner has failed to comply with the Court's order to file a new civil rights complaint. Because Plaintiff is challenging the conditions of his confinement, he MUST file a NEW civil rights complaint.

## CONCLUSION

Accordingly, the Court DENIES Petitioner's motion for stay and abeyance of his claims. If Petitioner wishes to challenge the conditions of his confinement as alleged in his initial filing and in his motion for stay, he must file a **new** civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a new case number. The Clerk of Court is directed to mail Petitioner a *blank civil rights complaint pursuant to 42 U.S.C. § 1983 form together with a copy of this Order.* The case shall remain dismissed.

**IT IS SO ORDERED.**

Dated: September 17, 2019

Hon. Gonzalo P. Curiel
United States District Judge